UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAR STAFFELD,

                Plaintiff,                Case No. 2:25-cv-10486

v.                                  Honorable Susan K. DeClercq
                                  United States District Judge

SANTANDER CONSUMER USA
INC., and MERCEDES BENZ OF
ANN ARBOR DEALERSHIP,

                Defendants.
_____/

**ORDER DIRECTING PLAINTIFF TO CORRECT DEFICIENCIES IN APPLICATION TO PROCEED WITHOUT PREPAYING COSTS (ECF No. 2) AND DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT (ECF Nos. 5; 6)**

On February 19, 2025, Plaintiff filed a seven-count complaint against Defendants Santander Consumer USA Inc. ("Santander") and Mercedes Benz of Ann Arbor Dealership ("the Dealership"). ECF No. 1. Plaintiff alleges that she purchased a 2022 Mercedes Benz GLB 250 ("the Vehicle") from the Dealership in August 2022, "and financed said purchase through" Santander. *Id.* at PageID.2. After purchase, Plaintiff alleges that the Vehicle had "several electrical and engine malfunctions" and was taken to the Dealership for service "over 19 times." *Id.* at PageID.3. After the Dealership performed several repairs that Plaintiff alleges were covered under warranty, the Dealership "demanded payment and refused to honor

the terms" of the Vehicle's warranty. *Id.* So Plaintiff attempted to return the Vehicle to the Dealership "and cancel the financing contract several times." *Id.* at PageID.4. When that didn't work, Plaintiff "allow[ed] the car to be repossessed by Defendants." *Id.* at PageID.5. Plaintiff alleges her "credit and finances" were "severely damaged by Defendants" refusal to fix the car or negotiate with her to resolve the issue. *Id.* at PageID.6.

Plaintiff's case is now before the Court on two separate matters. First, this Court must address Plaintiff's application to proceed without prepaying filing costs. ECF No. 2. Second, this Court must address Plaintiff's motions for default judgment against both Defendants. ECF Nos. 5; 6.

## I. Application to Proceed Without Prepaying Filing Costs (ECF No. 2)

At the time she filed her complaint, Plaintiff also filed an application to proceed without prepaying fees or costs. ECF No. 2.

### A. Legal Standard

Under 28 U.S.C. § 1915(a), all plaintiffs—whether incarcerated or not—who seek to proceed without prepaying fees or costs in federal court "must file a form or affidavit which states all the assets possessed by that individual" and demonstrate that they are unable to pay the court filing fees and costs. *Benton v. Cherry Health Cmty. Treatment Ctr.*, No. 21-11594, 2021 WL 4060996, at *1 (E.D. Mich. Sept. 7, 2021) (citing *Floyd v. U.S. Postal Serv.*, 105 F.3d 274, 277 (6th Cir. 1997),

*superseded by rule on other grounds as stated in Callihan v. Schneider*, 178 F.3d

800 (6th Cir. 1999)); *see also Madison v. D W Ariel*, No. 23-CV-1026-JPS, 2023

WL 7166157, at *1 n.1 (E.D. Wis. Oct. 31, 2023) (explaining that "[a]lthough 28

U.S.C. § 1915(a) specifically references 'prisoner' litigants, it has been [widely and

consistently] interpreted as providing authority for such requests by both prisoner

and non-prisoner *pro se* litigants alike." (collecting cases)).

A plaintiff seeking to proceed without prepaying costs, who does not pay the

full filing fee, and fails to provide the required information to determine whether

they are indigent and unable to pay the court filing fees and costs must be notified

of the deficiency and granted 30 days to correct it or pay the full fee. *Davis v. United

States*, 73 F. App'x 804, 805 (6th Cir. 2003) (citing *McGore*, 114 F. 3d at 605). "If

the [plaintiff] does not correct the deficiency, the district court must presume that he

or she is not a pauper, assess the full fee, and order the case dismissed for want of

prosecution." *Id.*

## B. Analysis

Plaintiff's application to proceed without prepaying costs or fees alleges that

although she receives $1,974 each month and her husband receives $2,222 each

month, she is unable to pay the filing fee because she supports 17 dependents and is

"highly in debt." ECF No. 2 at PageID.19–20. In total, Plaintiff estimates her

monthly financial obligations total between $6,000 and $9,000. *Id.* at PageID.20.

But Plaintiff does not provide the amount of each of her monthly financial obligations that purportedly total up to $9,000 per month, as she was directed to do by the application form. *See id.* Nor does she explain her relationship to each of her alleged dependents and how much she contributes to their support, as she was also directed to do by the application form. *See id.*

Because of this lack of detail, this Court may not determine whether Plaintiff is truly unable to pay the court filing fees and costs. Accordingly, Plaintiff will be directed to correct the deficiency in her application by July 23, 2025, by either (1) paying the entire $405 civil filing fee or filing a fully completed application to proceed without prepaying fees which reflects *in detail* Plaintiff's income, assets, financial dependents, and monthly financial obligations. If Plaintiff does not comply with this order, the Court will dismiss her complaint without further notice for failure to prosecute under Civil Rule 41(b). FED. R. CIV. P. 41(b); *see also McGore*, 114 F. 3d at 605.

## II. Plaintiff's Motions for Default Judgment (ECF Nos. 5; 6)

Three months after she filed her complaint, Plaintiff filed motions for default judgment against each Defendant. ECF Nos. 5; 6.

### A. Legal Standard

District courts may enter default judgment against a party who has "failed to plead or otherwise defend" an action and against whom the Clerk of the Court has

entered a default. *See* Fed. R. Civ. P. 55(a), (b)(2); *see also Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) ("When a defendant is in default, the well pleaded factual allegations in the Complaint, except those relating to damages, are taken as true.").

## B. Analysis

Here, summonses have not yet been issued in this case because of Plaintiff's pending application to proceed without prepaying fees or costs. Moreover, it is not clear if Plaintiff ever sent a copy of her complaint to either Defendant. Further, the Clerk of the Court has not yet entered a default against either Defendant, "which is a prerequisite for a default judgment." *Tallent v. Knight*, No. 22-5126, 2022 WL 18862074, at *2 (6th Cir. Sept. 7, 2022) (citing *Devlin v. Kalm*, 493 F. App'x 678, 685 (6th Cir. 2012)); *see also Equity Tr. Co. v. Martin*, No. 1:22-CV-01004, 2022 WL 4281372, at *1 (N.D. Ohio Aug. 19, 2022) ("Court[s] cannot grant [a] motion for default judgment without the prior entry of default by the clerk."). Thus, Plaintiff's motions for default judgment against both Defendants, ECF Nos. 5; 6, are procedurally improper and will be denied without prejudice.

## III. Conclusion

Accordingly, it is **ORDERED** that Plaintiff is **DIRECTED** to correct the deficiencies in her application to proceed without prepaying fees **on or before July**

**23, 2025**, by submitting either (1) the entire $405 civil filing fee or (2) a properly filled-out application to proceed without prepaying fees.

Further, it is **ORDERED** that Plaintiff's Motions for Default Judgment, ECF Nos. 5; 6, are **DENIED WITHOUT PREJUDICE**.

**This is not a final order and does not close the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: June 23, 2025