UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AZAR STAFFELD,

                Plaintiff,                        Case No. 2:25-cv-10486

v.                                         Honorable Susan K. DeClercq
                                         United States District Judge
SANTANDER CONSUMER USA
INC., and MERCEDES BENZ OF
ANN ARBOR DEALERSHIP,

                Defendants.

_____/

**ORDER DISMISSING WITHOUT PREJUDICE PLAINTIFF'S
COMPLAINT (ECF NO. 1) FOR FAILURE TO PROSECUTE**

On February 19, 2025, Plaintiff filed a seven-count complaint against Defendants Santander Consumer USA Inc. ("Santander") and Mercedes Benz of Ann Arbor Dealership ("the Dealership"). ECF No. 1. She also filed an application to proceed *in forma pauperis* reflecting that her monthly income is $1,974 and her husband's monthly income is $2,222, but that her monthly financial obligations total between $6,000 and $9,000. ECF No. 2 at PageID.19–20. But Plaintiff did "not provide the amount of each of her monthly financial obligations that purportedly total up to $9,000 per month, as she was directed to do by the application form." ECF No. 9 at PageID.88 (citing ECF No. 2 at PageID.20).

So, on June 23, 2025, this Court issued an order directing Plaintiff to correct her deficient application to proceed *in forma pauperis* "by July 23, 2025, by either (1) paying the entire $405 civil filing fee or (2) filing a fully completed application to proceed without prepaying fees which reflects *in detail* Plaintiff's income, assets, financial dependents, and monthly financial obligations." ECF No. 9 at PageID.88. The Court further warned Plaintiff that it would "dismiss her complaint without further notice for failure to prosecute under Civil Rule 41(b)" if she did not correct her deficient application. *Id.* A copy of that order was mailed to plaintiff's address on file with the Court.

But just over a week later, Plaintiff filed a notice of change of address. *See* ECF No. 10. And on July 28, 2025, the order that was mailed to Plaintiff on June 23, 2025, was returned as undeliverable. ECF No. 11. So as "a one-time courtesy," the Court mailed Plaintiff a second copy of its June 23, 2025, order at her new address and extended the deadline for Plaintiff to correct her deficient application to proceed *in forma pauperis* to August 15, 2025. ECF No. 12. The Court again warned Plaintiff that if she did not comply with the order, her complaint would be dismissed for failure to prosecute. *See id.* at PageID.96. (citing Fed. R. Civ. P. 41(b)).

Plaintiff has failed to correct her deficient application to proceed *in forma pauperis* and the time for doing so has now expired. Thus, "Plaintiff's failure to either file an amended IFP application or pay the required filing fee warrants dismissal of

this case" under Civil Rule 41(b) for failure to prosecute. *Duneske v. FBI*, No. 23-11778, 2024 WL 1660534, at *1 (E.D. Mich. Apr. 17, 2024) (citing *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal.")).

Accordingly, it is **ORDERED** that Plaintiff's Complaint, ECF No. 1, is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: 8/27/2025

- 3 -